oriNiON. Hill, Judge-. Petitioner claims the right under section 812 (b) (3), Internal Revenue Code, to deduct the amount of $14,518 which it paid to decedent’s first husband in full settlement of any claim which he might have had against her estate as a result of the agreement which is set forth in part in our findings. Respondent claims that the amount in question is not deductible by petitioner because the only rights which the “husband relinquished under the agreement were marital rights and that the only marital right he possessed in property was his right of curtesy.” He adds that “it is well settled that claims founded upon contracts releasing marital rights in a spouse’s property or estate are not deductible.” Sec. 812 (b) (3), I. R. C.; Meyer's Estate v. Commissioner, 110 Fed. (2d) 367; Estate of Eben B. Phillips, 36 B. T. A. 752. Petitioner’s contention that the amount involved is deductible is based upon the agreement mentioned above, and its argument that that agreement was supported by adequate and full consideration may be summarized in its own words as follows: The husband of the decedent in relinquishing to his former wife all his rights, custody, control and guardianship of their son, released a valuable and inherent right which he possessed, in and to the earnings of their son. * * * Before petitioner may take a deduction for the amount involved under section 812 (b) (3) it must show that the agreement in question was contracted for an adequate and full consideration in money or money’s worth. There is nothing in the record before us to show the value of any earnings of the son, or that he was capable of any earnings, or that he ever had any earnings which decedent might have claimed under the agreement in question. Hence, so far as the record is concerned, there may have been no value received by decedent in respect of this part of the agreement, except the mere right to any earnings of the son. However, we do not believe that that right, which has not been shown to be of any ascertainable value in money or money’s worth, should be considered full and adequate consideration within the meaning of section 812 (b) (3) of the code. As pointed out by the Supreme Court in Taft v. Commissioner, 304 U. S. 351, it was the evident purpose of Congress, in its successive changes of the provision of the code involved, to narrow the class of deductible claims. So in this case it was incumbent upon the petitioner to show not only that the agreement was supported by some consideration, or fair consideration, as was required by a previous wording of the section involved,[1] but full and adequate consideration in money or money’s worth. Petitioner having failed to present any evidence whatever on the subject of the value of that consideration, we can not say that the disallowance was erroneous. Petitioner invokes no other portion of that agreement in support of its contention. But even if it had, we could not sustain its position on the evidence before us, for it is apparent that the only other rights which were relinquished were of the nature which section 812 (b) (3) clearly provides “shall not be considered to any extent a consideration ‘in money or money’s worth.’ ” It follows that respondent’s determination must be sustained. Reviewed by the Court. Decision will be entered under Rule 50. See sec. 303 (a) (1), Revenue Act of 1924.